UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LG CORPORATION, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>HUANG XIAOWEN DBA TOP-UUSHOP, et al.,<br><br>         Defendants. | Case No.: 16-CV-1162 JLS (NLS)<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING REGARDING MOTION FOR ATTORNEYS' FEES**<br><br>(ECF No. 136) |

   Presently before the Court is Plaintiffs LG Corporation, LG Electronics, Inc., and LG Electronics Mobilecomm U.S.A., Inc.'s ("LG") Motion for Attorneys' Fees ("Fee Mot.," ECF No. 136). The Court vacated the hearing on the motion and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 144.) The Court has already determined that LG is entitled to an award of attorneys' fees, (*see* ECF No. 127, at 25), and all that remains is a calculation of those fees. However, the Court is unable to fairly assess the reasonableness of LG's attorneys' hourly rates as presently briefed. Specifically, LG cites to the Laffey Matrix to support its claim that its attorneys' rates "are commensurate with prevailing market rates." (Fee Mot. 5 (citing Ex. 1); *see also* Sommers Decl. ¶ 18, ECF No. 136-2 (relying on Laffey Matrix to show prevailing market rates across all firm types).) But the Court is not inclined, at this point,

to rely on the Laffey Matrix in assessing the reasonableness of fees <u>in this district</u>. *See, e.g.*, *Ruiz v. XPO Last Mile, Inc.*, No. 5CV2125 JLS (KSC), 2017 WL 1421996, at *4 n.1 (S.D. Cal. Apr. 20, 2017) (Sammartino, J.); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) ("[J]ust because the *Laffey* matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away."); *J & J Sports Prods., Inc. v. Brummell*, No. 15CV2601-MMA (MDD), 2016 WL 3552039, at *1 (S.D. Cal. June 29, 2016), *reconsideration denied*, No. 15CV2601-MMA (MDD), 2016 WL 4595140 (S.D. Cal. Sept. 2, 2016) (denying motion for attorneys' fees because the plaintiff, relying on the Laffey Matrix, did "not demonstrate that the hourly rates requested are reasonable vis-à-vis the rates charged in 'the forum in which the district court sits.'"); *Perez v. Cozen & O'Connor Grp. Long Term Disability Coverage*, No. 05CV0440DMSAJB, 2007 WL 2142292, at *2 (S.D. Cal. Mar. 27, 2007) (declining to use Laffey Matrix in its analysis because it "would be contrary to Ninth Circuit law"). While LG cites to Northern District of California cases applying the Laffey Matrix, LG fails to cite any Southern District of California cases approving of and using the Laffey Matrix. Nor does LG more generally discuss the reasonableness of the hourly rates as applied to this district. *See, e.g.*, *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."); *Prison Legal News*, 608 F.3d at 455 ("Here, the forum is the Northern District of California. The rates prevailing in that district for 'similar services by lawyers of reasonably comparable skill, experience, and reputation' thus furnish the proper measure of the reasonableness of the rates billed by PLN's attorneys.").

/ / /

/ / /

/ / /

/ / /

/ / /

2

16-CV-1162 JLS (NLS)

Accordingly, LG **SHALL FILE** a supplemental brief, not to exceed ten pages, <u>on or before thirty (30) days from the date on which this Order is electronically docketed</u>, further supporting its argument that its attorneys' fees are reasonable in this district.

**IT IS SO ORDERED.**

Dated: June 1, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge