UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LG CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HUANG XIAOWEN DBA TOP-UUSHOP, et al., <br><br> Defendants. | Case No.: 16-CV-1162 JLS (NLS) <br><br> **ORDER (1) GRANTING MOTION TO DISMISS; (2) SEVERING CASE; AND (3) TRANSFERING CASE TO DISTRICT OF NEW JERSEY** <br><br> (ECF No. 129) |

Presently before the Court is Defendant N&K Trading, Inc.'s ("N&K") Motion to Dismiss for Lack of Personal Jurisdiction. ("MTD," ECF No. 129.) Also before the Court are Plaintiffs LG Electronics MobileComm U.S.A., Inc., LG Corporation, and LG Electronics, Inc.'s (collectively, "Plaintiffs" or "LG") Response in Opposition to, ("Opp'n," ECF No. 137), and Defendant's Reply in Support of, ("Reply," ECF No. 141), Defendant's MTD. The Court vacated the hearing on the motion and took it under submission pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 140.) After considering the parties' arguments and the law, the Court **GRANTS** N&K's MTD, **SEVERS** N&K from the instant case, and **TRANSFERS** its case to the United States District Court for the District of New Jersey.

/ / /

/ / /

# BACKGROUND

LG is the owner of various registered Federal Trademarks. (*See* Compl. ¶ 34, ECF No. 1.) The following LG marks are at issue in this case:

| Mark | Relevant Goods/Services | Reg. No. | Reg. Date | Owner |
|---|---|---|---|---|
| ⓖ LG | Earphone for Mobile Phone | 3661175 | 07/28/2009 | LG Corp. |
| HBS | Headphones; Wireless Headphones | 4894207 | 02/02/2016 | LG Electronics, Inc. |
| HBS-730 | Headphones; Earphones; Wireless Headphones | 4894209 | 02/02/2016 | LG Electronics, Inc. |
| HBS-740 | Headphones; Wireless Headphones | 4894212 | 02/02/2016 | LG Electronics, Inc. |
| HBS-750 | Headphones; Wireless Headphones | 4894211 | 02/02/2016 | LG Electronics, Inc. |
| HBS-760 | Headphones; Wireless Headphones | 4894210 | 02/02/2016 | LG Electronics, Inc. |

| Mark | Relevant Goods/Services | Reg. No. | Reg. Date | Owner |
|---|---|---|---|---|
| HBS-800 | Headphones; Wireless Headphones | 4894206 | 02/02/2016 | LG Electronics, Inc. |
| HBS-900 | Headphones; Wireless Headphones | 4894208 | 02/02/2016 | LG Electronics, Inc. |
| TONE | Earphones; Headphones | 4694125 | 03/03/2015 | LG Electronics, Inc. |
| TONE ULTRA | Headphones | 4925092 | 03/29/2016 | LG Electronics, Inc. |
| TONE+ | Headphones; Earphones | 4820986 | 9/29/2015 | LG Electronics, Inc. |
| TONE PRO | Head Sets; Earphones | 4734180 | 5/12/2015 | LG Electronics, Inc. |
| TONE INFINIM | Wireless Cellular Phone Headsets; Earphones | 4780031 | 7/28/2015 | LG Electronics, Inc. |

| Mark | Relevant Goods/Services | Reg. No. | Reg. Date | Owner |
|---|---|---|---|---|
| NECKBEHIND | Headphones; Earphones; Headsets for Mobile Phones | 4630809 | 11/4/2014 | LG Electronics, Inc. |
| TONE&TALK | Software For Wireless Communication Between Mobile Phone And Earphones | 4900181 | 2/16/2016 | LG Electronics, Inc. |

(*Id.* (collectively, the "LG Trademarks").)

LG filed suit against various Defendants on May 16, 2016. (ECF No. 1.) LG moved for default judgment against several Defendants on December 13, 2016, (ECF No. 111), which the Court granted on February 6, 2017, (ECF Nos. 125–28). Defendant N&K was not among those affected by the default judgment, and now seeks to dismiss the case against it due to lack of personal jurisdiction.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) challenges the Court's personal jurisdiction over a party. The plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). The Court may decide the motion without an evidentiary hearing, and thus "'the plaintiff need only make a prima facie showing of the jurisdictional facts.'" *Id.* (quoting *Caruth v. Int'l Psychoanalytical*

*Ass'n*, 59 F.3d 126, 127–28 (9th Cir. 1995)). "Uncontroverted allegations in the plaintiff's complaint must be taken as true," *id.*, and "'[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor,'" *id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger*, 374 F.3d at 800. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* at 800–01; *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (California's long-arm statute "allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution"). Thus, "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016.

## ANALYSIS

N&K argues that the Court lacks both general and specific jurisdiction over it. (*See generally* MTD.) LG concedes the Court lacks general jurisdiction over N&K, (Opp'n 12[1] n.3), but argues that N&K waived its objection to personal jurisdiction and, even if it did not, the Court has specific jurisdiction over N&K, (*see generally* Opp'n). The Court considers each argument in turn.

///

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

## I. Waiver of Personal Jurisdiction

A defense of lack of personal jurisdiction may be waived "as a result of the course of conduct pursued by a party during litigation." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 15, 1998).

LG argues that N&K waived the defense of lack of personal jurisdiction before it raised it as an affirmative defense in its Answer. (Opp'n 8.) Specifically, LG argues that N&K waived the defense when it: (1) sought additional time to respond to LG's motion for a temporary restraining order ("TRO"); (2) appeared at the order to show cause hearing and consented to convert the TRO to a preliminary injunction ("PI"); and (3) stipulated to a PI and submitted a joint motion for its entry. (*Id.* at 8–9.)

The Court disagrees. As an initial matter, the Court is inclined to agree with the general proposition that consenting to a TRO or PI, without raising objection or reserving rights, weighs in favor—if it is not dispositive—of a finding that a defendant has waived its defense of a lack of personal jurisdiction. *See, e.g.*, *Aeration Sols., Inc. v. Dickman*, 85 F. App'x 772, 775 (Fed. Cir. 2004) ("[F]ew actions [can] more clearly signal an acceptance of a court's jurisdiction than signing a stipulated injunction order."); *Wright v. Interbank Capital, Inc.*, No. C 99-0091 MMC(ARB), 1999 WL 354516, at *2 (N.D. Cal. May 19, 1999) (finding waiver where defendants, among other things, entered into stipulations regarding plaintiffs' TRO request and filed an application to appear pro hac vice without first raising the defense). But that is not what happened in this case. Rather, as to the consented PI order ("Consent Order"), N&K "agreed to the order to avoid unnecessary motion practice at a time when it had not yet even been validly served." (Reply 8 (citing Reply Declaration of Samuel Butt ("Butt Reply Decl.") ¶¶ 2–4, ECF No. 143).) In addition, in the Consent Order, (ECF No. 45), N&K expressly stated that it reserved all of its defenses. (*See, e.g.*, Butt Reply Decl. ¶ 4, Ex. 2 ("In consenting to this Order, N&K Trading shall not be deemed or construed to have made any admissions, including without limitation, and admission of liability or responsibility, of any kind."); *see also* Consent

Order ¶ 4); *see also Aeration Sols*, 85 Fed. App'x at 775 (clarifying that signing a stipulated injunction order "without reservation" indicates a party's willingness to submit itself to powers of the court). Additionally, while N&K certainly participated in this case through some discovery and procedural motion practice, (Opp'n 10 (listing activity)), this is N&K's first contested motion, and discovery has not progressed past interrogatories and document requests (and has been stayed with LG's consent in conjunction with this motion), (Reply 7). And N&K repeatedly made clear to LG that it would contest personal jurisdiction. (*Id.* at 6 (stating defense in its Answer, the parties' Joint Case Management Order, and at a settlement conference, among others)). This limited activity coupled with N&K's repeated statements of its intention to raise this defense in a motion do not amount to "deliberate, strategic behavior" or "sandbagging" under *Peterson*. *See, e.g.*, *Lions Gate Entm't, Inc. v. Yagoozon Inc.*, No. CV1210653JFWFFMX, 2013 WL 12119724, at *4 n.2 (C.D. Cal. Oct. 31, 2013) (finding no waiver of personal jurisdiction where defendants raised defense in answer and Rule 26 Joint Report but litigated case on merits until moving for summary judgment for lack of personal jurisdiction); *Freeney v. Bank of Am. Corp.*, No. CV1502376MMMPJWX, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) (finding same based on similar facts and collecting cases). Accordingly, the Court finds that N&K has not waived its defense of lack of personal jurisdiction.

## II. Specific Jurisdiction

"In order for a court to have specific jurisdiction over a defendant, 'the defendant's suit-related conduct must create a substantial connection with the forum State.'" *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022–23 (9th Cir. 2017) (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014)). "The relationship between the defendant and the forum state must arise out of contacts that the defendant [itself] creates with the forum State." *Id.* (internal quotation marks omitted). "Additionally, the requisite 'minimum contacts' must be 'with the forum State itself, not . . . with persons who reside there.'" *Id.* (quoting *Walden*, 134 S. Ct. at 1122).

/ / /

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802; *see also Williams*, 851 F.3d at 1023. The plaintiff bears the burden of establishing the first two prongs. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). If the plaintiff does so, the burden shifts to the defendant to argue that exercise of jurisdiction would be unreasonable. *Id.*

"In [trademark] infringement actions, the Ninth Circuit typically employs a purposeful direction analysis." *Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1138 (S.D. Cal. 2016) (citing *Mavrix Photo*, 647 F.3d at 1228). "This analysis, in turn, involves application of an 'effects' test that 'focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum.'" *Id.* (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc)). "The 'effects' test, which derives from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 [(1984),] . . . requires that the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011) (internal quotation marks omitted). The Court address each requirement in turn.

LG must first sufficiently allege that N&K committed an intentional act, which is "an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." *Washington Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 674 (9th Cir. 2012); *see also Schwarzenegger*, 374

F.3d at 806. LG alleges that N&K "is a counterfeiter who is knowingly and willfully manufacturing, importing, distributing, offering for sale, and/or selling wireless headsets bearing [a] counterfeit version of the LG Trademarks . . . as shown on the company's virtual store front ('hi-pc') on ebay.com." (Compl. ¶ 115; *see also id.* ¶¶ 116–17 (alleging that N&K "is directly engaging in the sale of counterfeit LG wireless headsets" and providing examples of products purchased from N&K).) This is sufficient to allege an intentional act under *Calder*'s effects test. *See, e.g.*, *Adobe*, 2015 WL 5834135, at *3 (finding same based on similar allegations); *see also Lindora*, 198 F. Supp. 3d at 1139 (same and collecting authority).

The Court must next determine whether N&K expressly aimed its conduct at California. "The Ninth Circuit has emphasized that express aiming requires 'something more' than 'a foreign act with foreseeable effects in the forum state.'" *Lindora*, 198 F. Supp. 3d at 1139 (quoting *Washington Shoe*, 704 F.3d at 675). "In assessing whether a defendant has done 'something more,' courts consider several factors, including 'the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant 'individually targeted' a plaintiff known to be a forum resident." *Id.* (quoting *Mavrix Photo*, 647 F.3d at 1229 (citation omitted)). "Express aiming can be shown where a corporation 'continuously and deliberately' exploits the forum state's market for its own commercial gain." *Id.* (quoting *Mavrix Photo*, 647 F.3d at 1229–30).

Here, the Court finds that N&K has not expressly aimed its activities at California. Rather, N&K is simply a fulfillment company that facilitates shipments of products to states depending on where the purchaser resides. (*See* Declaration of Hang Feng (Nick) Wu ("Wu Decl.") ¶ 3, ECF No. 129-2.) As N&K explains:

> When a consumer orders a product on a website operated by the seller, who is typically located outside the United States, the seller processes the order and sends N&K an electronic communication directing N&K to ship the product to the purchaser. An N&K employee picks up the product, already in

9
16-CV-1162 JLS (NLS)

the seller's or manufacturer's packaging, from its location in the warehouse, delivers it to an employee charged with putting products for shipment into the proper shipping packaging, such as a Federal Express box, and then the packaged product is delivered to an employee charged with putting shipping labels on the packaged products. Once the shipping label is affixed, the package is ready to be delivered to or picked up by the carrier, be it the U.S. Postal Service, Federal Express, or another carrier.

(*Id.*) Of course, N&K fulfills shipments to California. (*Id.* ¶¶ 21–22.) But these shipments are consistent only with N&K committing "foreign act[s] with foreseeable effects in the forum state." *Lindora*, 198 F. Supp. 3d at 1139.

Nor has LG demonstrated that N&K does "something more" that would otherwise subject it to specific jurisdiction in California. For one, N&K does not operate any website, let alone an interactive one. To be sure, LG claims that N&K operates a website offering for-sale products bearing the LG Trademarks. (*See* Declaration of Morgan Smith ("Smith Decl.") ¶¶ 2–4 (listing N&K's LinkedIn and Facebook pages that advertise www.tmart.com as N&K's website).) But N&K counters that it does not own or maintain any website, let alone www.tmart.com. (Reply Declaration of Nick Wu ("Wu Reply Decl.") ¶4, ECF No. 142.) Furthermore, N&K neither created nor has access to edit the LinkedIn and Facebook pages that purport to be owned and operated by N&K. (*Id.* ¶¶ 2–3.) Because Ms. Smith's personal knowledge of these sites is limited to what they purport to establish, and thus she does not claim to have personal knowledge of N&K's actual ownership or control of these websites, her evidence of N&K's alleged websites do not overcome N&K's specific denial of creation, ownership, and operation over those same sites. *See, e.g.*, Fed. R. Evid. 901.[2]

Furthermore, LG has provided no evidence that N&K "'individually targeted' a plaintiff known to be a forum resident." *Lindora*, 198 F. Supp. 3d at 1139. Nor has it

---

[2] For this reason LG's cited cases relying on the relative interactivity of a party's website are inapposite. (*See* Opp'n 15 (collecting cases).)

controverted N&K's declaration that it "did not make any independent decision to ship the allegedly counterfeit headsets to any buyer in California" and "only shipped headsets to individuals in California if (a) the buyer of the headset listed a shipping address in California, and (b) the seller of the headset sent N&K a communication directing it to ship a headset to a California address." (Wu Decl. ¶ 6.) Nor has LG argued that the geographic scope of N&K's commercial ambitions counsels a finding of specific jurisdiction one way or another.

Instead, LG relies on two arguments. First, LG argues that "even shipments 'initiated' by a customer can be purposefully directed at the customer's forum of residence." (Opp'n 15 (citing *Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, No. 14-28-LPS, 2015 WL 4778828, at *5 (D. Del. Aug. 13, 2015), *overruled on other grounds by TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, ⎯⎯ S. Ct. ⎯⎯, No. 16-341, 2017 WL 2216934, at *5 (U.S. May 22, 2017), and *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1086–87 (C.D. Cal. 2003)).) Neither case is persuasive to establish such a proposition as applied to N&K. Unlike the defendants in *TC Heartland*, which shipped approximately 2% of the accused products from their Indiana manufacturing facility to two of their customers' distribution facilities in Delaware at their customers' request, 2015 WL 4778828, at *4, N&K does not ship products to any of its own customers because it does not have any; as discussed, N&K simply fulfills shipments for customers of other companies. To be sure, the *TC Heartland* Court cited other Delaware district court cases for the proposition that shipments initiated by a customer (and not by the defendant) may demonstrate purposeful availment. *Id.* at *3–5. So, broadly speaking, these cases lend some force to LG's argument. But LG has cited no authority in this Circuit aligned with the Delaware approach.[3] Nor can the Court find any. To the contrary, courts

---

[3] *Grokster* is inapposite. In that case, personal jurisdiction was found where, among other things, the defendant made a program that offered peer-to-peer file sharing available through its website, had roughly two million California users, generated advertising on its site fueled by its user base, and entered into licensing agreements with every user authorizing and limiting use of the software. 243 F. Supp. 2d at 1087, 1092.

in this Circuit have declined to exercise personal jurisdiction in similar circumstances. *See, e.g.*, *Imageline, Inc. v. Hendricks*, No. CV 09-1870 DSF AGRX, 2009 WL 10286181, at *4 (C.D. Cal. Aug. 12, 2009) ("While the Defendants did commit intentional acts by selling products through eBay and shipping them to the purchasers, including California residents, the Defendants fail to satisfy elements 2 and 3 of the effects test. The Defendants' sales to California residents were not specifically directed contacts, but instead occurred only because the purchasers of Defendants' goods happened to reside in California. There was no 'indivdual[ized] targeting' of California."). Indeed, "[t]he Ninth Circuit has held that a sale into the forum is not a substantial contact where it 'involved the forum state only because that is where the purchaser happened to reside.'" *Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, No. 15-CV-02991-JST, 2015 WL 5834135, at *5 (N.D. Cal. Oct. 7, 2015) (quoting *Boschetto*, 539 F.3d at 1019); *see also id.* (collecting district court cases extending this principle to cases involving <u>multiple sales</u> entering the forum simply because the purchasers happened to live there). N&K's contacts with the forum state are even more attenuated than the sales in these cases, since N&K's uncontroverted evidence demonstrates that it does not operate a website or otherwise market or sell any products to California consumers; it merely fulfills shipments to different states based on consumer purchases from other websites.

Second, LG argues that "N&K has further aimed its intentional acts at California by engaging PayPal, a California company, to process its payments." (Opp'n 16 (collecting cases for the proposition that maintenance of a bank in the forum state can support a claim of personal jurisdiction).) The Court is inclined to agree with the proposition that a party's "use of third-party California companies to process payments on its site lends further support to the claim that it has purposefully availed itself of the forum." *Craigslist, Inc. v. Kerbel*, No. C-11-3309 EMC, 2012 WL 3166798, at *5 (N.D. Cal. Aug. 2, 2012). But N&K does not have a website, much less a website that uses California-based PayPal to directly

facilitate payments. Rather, N&K (1) collects the customers' payments on behalf of other sellers through use of PayPal accounts on those sellers' websites and (2) remits those payments to those sellers, less a fixed fee for N&K's collection services. (Wu Decl. ¶ 7.) And even if N&K's use of PayPal accounts in this fashion weighs in favor of holding N&K accountable in California, it does not alone outweigh the contrary evidence demonstrating that N&K has not targeted California or its consumers. In sum, the Court finds that N&K's fulfillment and shipment business is not expressly aimed at California.[4] Because LG has failed to establish that N&K expressly aimed its conduct at California, the Court **GRANTS** N&K's Motion to Dismiss for Lack of Personal Jurisdiction.[5]

### III. Sever and Transfer

Now that the Court has concluded it lacks personal jurisdiction over N&K, LG argues that the Court should sever N&K from this case and transfer its case to the District of New Jersey. Thus the Court must determine whether to dismiss the action against N&K pursuant to Federal Rule of Civil Procedure 12(b)(2) or transfer this action to another court pursuant to 28 U.S.C. § 1631. *See, e.g.*, *Linthicum v. Shenkman*, No. 13CV1099 WQH DHB, 2013 WL 4875024, at *7 (S.D. Cal. Sept. 10, 2013).

"The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C. § 1631." *Cruz–Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001). Section 1631 provides: "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. A transfer under § 1631 is appropriate if "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the

---

[4] For this reason the Court does not assess whether N&K knows the harm is likely to be suffered in the forum state.

[5] For this reason the Court does not reach the remaining elements to determine whether the Court lacks specific jurisdiction over N&K. *See, e.g.*, *Schwarzenegger*, 374 F.3d at 807 n.1.

interest of justice." *Cruz–Aguilera*, 245 F.3d at 1074. "When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *Id.*

The Court concludes that a transfer to the District of New Jersey is appropriate. First, as discussed, *supra* Part II, the Court lacks personal jurisdiction over N&K. Second, the District of New Jersey could have exercised jurisdiction over N&K at the time LG filed this action because N&K is a New Jersey corporation with its principal place of business in New Jersey. (*See, e.g.*, N&K's Answer to Compl. ("N&K Answer") ¶ 27, ECF No. 88 (admitting that it is a New Jersey corporation with its principal place of business at 1980 US Highway 1, Building 3, North Brunswick, NJ 08902).) Finally, a transfer of this case, rather than its dismissal, is in the interest of justice. This case has been pending for just over a year. During that time N&K has participated in the merits of the case, including consenting to a PI, conducting discovery on the merits, and participating in early settlement attempts. While the Court found that this activity, in conjunction with its reservation of defenses, did not constitute waiver of its defense of lack of personal jurisdiction, that same activity demonstrates its participation in this case and, more importantly, the efforts LG has thus far undertaken to develop its case against N&K. Dismissing the case at this stage would be unfairly prejudicial to LG and would not be in the interest of justice.

Furthermore, the Court can properly sever the claims against N&K pursuant to Federal Rule of Civil Procedure 21, which provides that "the court may sever any claim against a party." Courts have broad discretion to sever a claim pursuant to Rule 21. *See, e.g.*, *Lindora*, 198 F. Supp. 3d at 1149; *Pamplona ex rel. Pamplona v. Hernandez*, No. 08CV2205-IEGBLM, 2009 WL 578578, at *3 (S.D. Cal. Mar. 5, 2009). The same reasoning supporting the Court's decision to transfer this case supports the Court's decision to sever N&K from this action in order to effect the transfer. Moreover, the case is now entirely resolved with respect to the twenty-one other defendants, and all that remains is an assessment of LG's attorneys' fees as they relate to those defendants. Thus, neither N&K

nor any other defendant would suffer unfair prejudice as a result of this severance. Accordingly, the Court **SEVERS** N&K from this action and **ORDERS** this severed case transferred to the United States District Court for the District of New Jersey.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant N&K's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 129). Additionally, the Court **SEVERS** N&K from the instant case and **ORDERS** this severed case transferred to the United States District Court for the District of New Jersey for further proceedings between LG and N&K.

**IT IS SO ORDERED.**

Dated: June 8, 2017

Hon. Janis L. Sammartino
United States District Judge